IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID M. ROBERTSON, | |
| Plaintiff, | 8:16CV391 |
| V. | |
| SCOTT R. FRAKES, ROBERT HOUSTON, MICHAEL KENNEY, DR. RANDY KOHL, FRANK X. HOPKINS, JAMES JENSEN, FRED BRITTEN, BRIAN GAGE, MICHELLE CAPPS, UNKNOWN BUSBOOM, UNKNOWN WEATHERSPOON, CORRECT CARE SOLUTIONS, DR. UNKNOWN STONE, DR. JEFF DAMME, BARBARA LEWIEN, BRAD MCDONNELL, KEN SCHMIDT, EDWARD FABIEN, DR. MARY FLEARL, DR. KATHLEEN OGDEN, MARGARET ANTLEY, WENDY VAN AALST, UNKNOWN SMALLEY, and JOHN AND JANE DOES, All, Known and Unknown, | **MEMORANDUM AND ORDER** |
| Defendants. | |

    This matter is before the court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the court finds that Plaintiff has failed to state a claim upon which relief can be granted. However, on its own motion, the court will allow Plaintiff to file an amended complaint.

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495

(8th Cir. 1993).

## II. SUMMARY OF COMPLAINT

Plaintiff asserts this action pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. (Filing No. 1.) Specifically, Plaintiff alleges that prison officials and staff exhibited deliberate indifference to his serious medical needs.

Plaintiff's Complaint is quite lengthy, and sets forth Plaintiff's medical history relating to certain medical conditions. In sum, Plaintiff contends that he suffered from serious shoulder, back, leg, and knee conditions, but Defendants deliberately disregarded his need for medical treatment.

## III. DISCUSSION

Plaintiff claims that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. To establish a § 1983 claim for deprivation of medical care, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). Society does not expect that prisoners will have unqualified access to health care. Therefore, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976)). "Deliberate indifference is equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (quoting *Farmer v. Brennan,* 511 U.S. 825, 835, 839-40 (1970)). Plaintiff's Complaint fails to state a cause of action for multiple reasons.

First, Plaintiff's Complaint names multiple state employees as defendants. The

employees are named as defendants in their official and individual capacities. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not, however, bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity. Therefore, to the extent Plaintiff seeks to recover monetary relief against the employees acting in their official capacities, the Eleventh Amendment bars his claims.

Second, although Plaintiff has named multiple state employees as defendants, Plaintiff's Complaint does not identify the actions taken by each named defendant. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003).

Finally, Plaintiff's Complaint, which is forty-pages in length, describes his medical history in great detail. Assuming that Plaintiff suffers from serious medical needs, the allegations in the Complaint indicate that Defendants were not deliberately indifferent. To the contrary, it appears that Defendants were responsive to Plaintiff's requests for treatment and engaged in active efforts to address Plaintiff's medical conditions. Allegations suggesting that Defendants acted negligently or refused to follow Plaintiff's requested course of treatment are insufficient to support an Eighth

Amendment claim. *See* [Estelle v. Gamble, 429 U.S. 97, 106 (1976)](#) (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation); [Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004)](#) (stating that "an inmate's mere disagreement with the course of his medical treatment fails to state a claim of deliberate indifference").

Based on the series of events described in the Complaint, the court is highly doubtful that Plaintiff can succeed on his Eighth Amendment claim. However, out of an abundance of caution, the court will grant Plaintiff leave to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by January 5, 2017, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: January 5, 2017: check for amended complaint.

DATED this 5th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge